# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Dickey T. Davis

v.

Robert E. McLaughlin

July 17, 1998

Case No. (Law) 95-50

BY JUDGE EDWARD L. HOGSHIRE

The plaintiff, Dickey T. Davis, moved to compel discovery when, in response to Interrogatory No. 1 of Plaintiff's Second Interrogatories, defendant objected on the basis of "attorney work-product." Prior to being served with the subject interrogatory, defendant had responded with denials to certain requests for admissions relating to whether the defendant was negligent, whether defendant's negligence was the proximate cause of the plaintiff's injuries, whether the plaintiff had not been negligent, and whether the plaintiff's medical expenses had been reasonable, necessary, and related to the injuries sustained in the subject accident. The interrogatory sought to be enforced reads:

> For any and all denials or failure to unequivocally admit made by you to the foregoing Request for Admissions, state the following: (a) any and all evidence upon which each denial or failure to admit is based; (b) any and all facts upon which each denial or failure to admit is based; (c) the names and addresses of any individual with knowledge used or relied upon by defendant to support his denials or failure to admit to any of the foregoing.

Plaintiff's Second Interrogatories to Defendant.

The issue has been thoroughly briefed and argued, with neither side having found any controlling authority in the Commonwealth regarding the issue presented. I have reviewed the case law presented and the current

treatises on Virginia procedure, and based on my review, for the reasons set forth below, have determined that the motion is well-founded to the extent that it seeks only facts and evidentiary bases for the denials in question.

Rule 4:8(e) of the Rules of the Supreme Court of Virginia provides that "[i]nterrogatories may relate to any matters which can be inquired into under Rule 4:1(b)." The scope of discovery under Rule 4:1(b) includes "any matter, not privileged, which is relevant to the subject matter involved in the pending action." The "work product" exception to discovery, first promulgated in *Hickman v. Taylor*, 329 U.S. 495 (1947), is set forth in Virginia Rule 4:1(b)(3). By its terms, Rule 4:1(b)(3) applies specifically to "discovery of documents and tangible things." Indeed, the protection of a specific document from discovery does not protect disclosure of the facts therein. *See In re Allen*, 106 F.3d 582, 36 Fed. R. Serv. 3d (Callaghan) 1196 (4th Cir. 1997). Thus, while recognizing the importance of "protect[ing] against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney," Rule 4:1(b)(3), the modern discovery regime strongly favors full disclosure of relevant facts.

When distilled to its essence, the interrogatory in question does not ask why the denials were made or even the specific reasons for the denial; what is sought is merely the "evidence" and "facts" upon which the denial is based, plus the identities of "individuals with knowledge used or relied upon to support" the denials. Since the requests themselves are directed at the core issues of the case, i.e., liability and damages, no argument can be made that they are not proper subjects of discovery. Likewise, the interrogatory here cannot be said to be overly burdensome to answer since the defendant must, by necessity, prepare his case centered around the issues presented in the denials filed in response to the requests for admission.

The order from *Harlow v. Livingston*, (Case No. 96-1490, July 29, 1997), entered by Judge Sullenberger in Greene County and cited as authority by the defendant here was directed at an interrogatory seeking "all *reasons* for your denial, including every fact and subsidiary evidentiary contention upon which each such denial is based ... ." (emphasis added). Clearly, this type of far-reaching query is not presented here.

In the case at bar, the parties' negligence, proximate cause, and the reasonableness of medical expenses are the central issues for resolution at trial. Plaintiff has a legitimate need to know the factual and evidential bases for defendant's denials where the denials go to central legal and evidentiary issues in the case. Accordingly, for the reasons noted above, the plaintiff's motion to compel will be granted.

Given the lack of precedent and the novelty of the issue presented, however, plaintiff's requests for attorney's fees will be denied.